## Mallozzi v. Philadelphia Daily Newspapers, Inc.

*Daniel Barish*, for plaintiff.
*Samuel Kline*, for defendant.

KALISH, *J.*, November 20, 1981—Plaintiff, Suzzanne Mallozzi, commenced employment with Sears Roebuck and Company in Abington Township on December 19, 1977. On this same day, an armed robbery took place in Sears' Abington store,

in which a Sears guard was slain on the second floor of the establishment. On the day of the incident, defendant, Philadelphia Daily Newspapers, Inc., sent defendant reporter, Kit Konolige, to the Sears store to gather information.

He wrote a story on the robbery and shooting at Sears which defendant company published in their newspaper on December 20, 1977. In this article, plaintiff was identified as "one of dozens of disbelieving employees . . . " who witnessed the killing by a masked man. Plaintiff was quoted as stating that she witnessed the incident and "saw a guy running away with something on his face." A picture of plaintiff accompanied the article. She claims that she was not a witness to the incident, so told the reporter, and in fact, had refused an interview.

Claiming that she was distressed by the publication, plaintiff brought an action against defendants for the intentional or reckless infliction of emotional distress. Defendants seek summary judgment, claiming that as a matter of law, plaintiff has failed to set forth a cause of action.

We agree.

While courts generally are wary in entering summary judgments except in the clearest of cases, they serve an important function and courts should not hesitate to use it where the legal action becomes a vehicle for inhibiting the press in the exercise of its first amendment rights. The publication of a newsworthy event should always be privileged unless its publication clearly goes beyond the limits of decency.

Section 46 of the Restatement, 2d, Torts defines the tort of intentional or reckless infliction of emotional distress: Chuy v. Philadelphia Eagles Football Club, 595 F. 2d 1253, 1274 (3rd Cir. 1979); Jones v. Nissenbaum, Rudolf & Seidner, 244 Pa. Superior Ct. 377, 382, 368 A. 2d 770, 772-773 (1976). This section states, in relevant part, that "one, who by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to

another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Restatement, 2d, Torts, §46(1) (1975).

The reported event was newsworthy and one of social value. It carried a photo of plaintiff, an employee of Sears, who was at or near the scene of the robbery. Her cause of action does not depend on the truth or falsity of whether she was or was not interviewed by the reporter. Liability exists only if the publication of the photo and the statement that she witnessed the event goes beyond the limits of decency and would be offensive to persons of ordinary sensibilities. The court must determine, as a matter of law, whether (1) the court must make this threshold determination. The conduct was extreme and outrageous; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress was severe: Chuy v. Philadelphia Eagles Football Club (supra).

As stated in Nissenbaum, in order for the first element of outrageous conduct to be met, defendant's conduct must exceed *"all possible bounds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community.* Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the action, and lead him to exclaim, 'Outrageous'": Jones v. Nissenbaum, Rudolf & Seidner, supra at 383, 368 A. 2d at 773, quoting Restatement, 2d, Torts, §46, comment d (1965). (Emphasis supplied by the Nissenbaum court.)

The conduct of defendants in the present case cannot, as a matter of law, be deemed outrageous, atrocious, and beyond the bounds of decency. This case is unlike cases in which the requisite outrageous conduct was held to be present, such as where a defendant physician intentionally and falsely advised plaintiff that he was suffering from a fatal disease or where defendants manhandled the dead

body of plaintiffs' son. See, Chuy v. Philadelphia Eagles Football Club, supra; Papieves v. Kelly, 437 Pa. 373, 263 A. 2d 118 (1970). In holding that reasonable minds could not find defendants' conduct sufficiently outrageous, the court should consider the social utility of newspaper reporting. Cf, Knierim v. Izzo, 22 Ill. 2d 73, 84, 174 N.E. 2d 157, 164 (1961) (drawing a line between slight hurts common to a complex society and severe mental disturbances resulting from intentional acts wholly lacking in social utility); Forster v. Manchester, 410 Pa. 192, 200, 189 A. 2d 147, 152, (finding that this tort is designed for acts of an especially flagrant character, as opposed to conduct having social value).

Defendants' conduct also cannot be found to be intentional or reckless, as defined for this tort. The act is defined as intentional when "the act is done 'with knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct.' " Forster v. Manchester, supra at 199, 189 A. 2d at 151, quoting Restatement, 2d, Torts, § 46 comment a (1965). (Emphasis omitted.) Viewing plaintiff's allegations in a light most favorable to her, these allegations are insufficient to support a conclusion that defendants knew their action would cause plaintiff severe emotional distress.

As defined by the comments to the Restatement, recklessness, for the purpose of this tort, means acting "in deliberate disregard of a high degree of probability that the emotional distress will follow." It cannot be said that a high degree of probability existed that plaintiff's emotional distress would follow from defendants' publication of the article and picture of which plaintiff complains. Consequently, defendants cannot be found to have been reckless in the sense required for the tort of reckless infliction of emotional distress.

Defendants' motion for summary judgment is granted.

## ORDER

And now, November 20, 1981, upon consideration of the motion for summary judgment of defendants Philadelphia Daily Newspapers, Inc. and Kit Konolige, and oral argument heard thereon, it is hereby ordered and decreed that the said motion is granted, and the prothonotary is directed to enter judgment dismissing the complaint.